IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02054-M

| | |
|---|---|
| ANTHONY MARQUISE VALENTINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN TARRENTINO, ) | |
| ) | |
| Respondent. ) | |

On March 10, 2023, Anthony Marquise Valentine ("petitioner"), a federal inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. The court allowed the action to proceed. Order [D.E. 6]. On July 25, 2023, respondent moved to dismiss the action for lack of jurisdiction. Mot. [D.E. 9]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 11]. Petitioner failed to respond.

For the reasons discussed below, the court grants respondent's motion to dismiss.

Background:

On July 17, 2017, pursuant to a written plea agreement, petitioner plead guilty in the United States District Court for the District of South Carolina to Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). See United States v. Valentine, 6:17-CR-307-JMC-1, (D.S.C., Jul. 17, 2017), Plea Agreement [D.E. 47]; Plea [D.E. 50]. On July 18, 2018, petitioner was sentenced to, *inter alia*, 180 months in federal prison. Id., J. [D.E. 75]. Petitioner neither appealed this judgment, nor filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Pet. [D.E. 1] at 2–3.

Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction--a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Discussion:

Petitioner argues his convictions under South Carolina Code Annotated § 445 are no longer predicate offenses for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). Pet. [D.E. 1] at 6. Petitioner contends that § 2255 relief is inadequate or ineffective because United States v. Hope, 28 F.4th 487, 492 (4th Cir. 2022), amounts to a change of law not available until now. Id. at 4; Pet. Attach. [D.E. 1-1] at 6. Petitioner seeks resentencing. Pet. [D.E. 1] at 7.

Respondent argues, *inter alia*, because petitioner did not previously file a § 2255 motion, the court lacks jurisdiction to consider the instant § 2241 petition as to his sentence enhancement. See Resp't Mem. [D.E. 10] (citing Jones v. Hendrix, 599 U.S. 465 (2023)).

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). Nevertheless, prisoners that are "convicted in federal court are required to bring collateral attacks

2

challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Because petitioner challenges the validity of his conviction and sentence, not its execution, he generally must seek relief under § 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (per curiam); In re Vial, 115 F.3d at 1194. Petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)).

Under In re Jones "savings clause" test, § 2255 relief is "inadequate or ineffective" if:

(1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (citing In re Jones, 226 F.3d at 333–34).

Under the "saving clause" test announced in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"), cert. denied, 139 S. Ct. 1318 (2019), § 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

3

The court lacks jurisdiction to consider a § 2241 petition on the merits unless the petitioner satisfies the requirements of one of these "savings clause" tests. See id. at 423; see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Because no subsequent change of law has rendered non-criminal the conduct of which he was convicted, petitioner fails to satisfy the In re Jones test's second prong. Further, because he did not file a § 2255 motion, petitioner also fails to satisfy the Wheeler test's second prong. See Pet. [D.E. 1] at 3–4; Braswell v. Smith, 952 F.3d 441, 448 (4th Cir. 2020) (noting, "in order for a petitioner to satisfy prong two [of the Wheeler test], the *combination* of the change in settled substantive law and its retroactivity must occur after the first § 2255 motion has been resolved.").

In sum, because petitioner failed to seek relief under § 2255 and he does not present unusual circumstances showing his inability to seek relief in the sentencing court, he fails to satisfy either § 2255(e) "savings clause" test, and the court lacks jurisdiction to consider this petition. Wheeler, 886 F.3d at 423; Rice, 617 F.3d at 807; see Jones v. Hendrix, 599 U.S. at 477 (finding § 2241 may only be used to challenge sentences "in cases where unusual circumstances make it impossible or impractical to seek relief in the sentencing court"); In re Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)); see also Arellano v. Withers, No. 22-60525, 2023 WL 4311621, at *1 (5th Cir. July 3, 2023) (per curiam) (unpublished) (discussing Jones v. Hendrix and noting that the petitioner had not indicated the existence of any "unusual circumstances").

Finally, to the extent petitioner wishes to seek relief under § 2255, he must do so in his sentencing court, and this court makes no finding as to his likelihood of success in such an action.

4

Conclusion:

Accordingly, the court: GRANTS the motion to dismiss [D.E. 9]; DISMISSES WITHOUT PREJUDICE this § 2241 petition for lack of jurisdiction; DENIES a certificate of appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 17th day of November, 2023.

Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge

5